1  **WO**                                                                                          LMH

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9  Sydney Lambus,                           )    No. CV 05-2555-PHX-NVW (HCE)
                                            )
10            Plaintiff,                     )    **ORDER TO SHOW CAUSE**
                                            )
11  vs.                                      )
                                            )
12                                           )
   Maricopa County Sheriff's Office, et al., )
13                                           )
              Defendants.                    )
14                                           )
   _____   )

15

16         Plaintiff, formerly confined in the Tent City Jail in Phoenix, Arizona, filed a *pro se*

17  Complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff was a prisoner at the time he filed

18  his Complaint, he became obligated to pay the $250.00 civil action filing fee.  See Taylor v.

19  Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP

20  civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1).  Soon after

21  filing his Complaint, Plaintiff submitted a change of address to a private residence.  See Dkt.

22  #3.  Because Plaintiff has been released from jail, the $250.00 filing fee can no longer be

23  collected from his inmate trust account.  Accordingly, the $250.00 civil action filing fee is

24  now due in full unless Plaintiff can show good cause why he should not be required to pay

25  it immediately.

26         Plaintiff will be given thirty days in which he must either pay the $250.00 filing fee

27  or respond to this Order in writing.  Plaintiff's written response must include:  (1) a statement

28  of Plaintiff's date of release; and (2) Plaintiff's affirmation that he has paid or will pay the

JDDL

unpaid balance of the filing fee in full no later than 120 days from the date of his release <u>or</u> Plaintiff's affidavit under penalty of perjury demonstrating good cause why he is presently unable to pay the outstanding balance of the filing fee.  <u>See</u> 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement).  If Plaintiff chooses to demonstrate good cause, he must describe his current financial condition in detail, including his sources of income, whether he is employed, and any liabilities he may have.

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), <u>cert.</u> <u>denied</u>, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay the $250.00 filing fee in full or to respond as described in this Order.

(2)  The Clerk of Court is directed to enter a judgment of dismissal of this action without prejudice and without further notice if Plaintiff fails to either pay the fee or file a response to this Order within 30 days of the date this Order is filed.

DATED this 5th day of October, 2005.

_____
Neil V. Wake
United States District Judge